Ahmed E. El Sayed, ESQ. (SBN 353996)
LAW OFFICE OF AHMED ELSAYED
2522 Chambers Rd., Ste. 224
Tustin, CA 92780
Tel: (949) 656-1313
Email: ahmedelsayedlawus@gmail.com

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ENAS J AL ZUBI
A# 208-735-706 Petitioner,

vs.

Todd Blanche, U.S. Attorney General;

Markwayne Mullin, Secretary of the U.S. Department of Homeland Security;

Fereti Semaia, Facility Administrator, Adelanto ICE Processing Center;

Andre Quinones, ICE Field Office Director of the Los Angeles Field Office,

Respondents.

CASE NO. 5:26-cv-6292

**VERIFIED PETITION FOR HABEAS CORPUS**

## INTRODUCTION

1. ENAS J AL ZUBI, A# 208735706 ("Petitioner"), through undersigned counsel, petitions for a writ of habeas corpus challenging her arrest and continued immigration detention at the Adelanto ICE Processing Center in Adelanto, California.

2. ICE detained Petitioner at around 11:00 p.m. on October 21, 2026, while she was attempting domestic air travel to Washington, D.C., to renew her passport at the Jordanian Embassy. She reports that the arrest occurred without a warrant. She entered the United States on a

B-1/B-2 visa on February 21, 2014, later changed to F-1 student status, and has remained at the same address for at least eight years.

3. **Petitioner is the primary custodial parent and principal financial provider for four United States citizen children:** a four-year-old girl, nine-year-old twin girls, and a twelve-year-old girl. Her husband, from whom she is separated, has seen the children only once since the separation and pays approximately $197 per month for all four children. Since September 2024, Petitioner has worked steadily as an instructional assistant serving children with special needs. See Exhibit A.

4. The federal government already possesses Petitioner's identifying and immigration information and issued her an employment authorization document in June 2025 that remains valid until June 2030. . See Exhibit B .

5. One of the nine-year-old twins is undergoing evaluation for ADHD and may miss an appointment because of Petitioner's detention. The children are temporarily staying with Petitioner's elderly uncle and need their mother's care.

6. Petitioner challenges custody, not the merits of removal, and primarily seeks immediate release. Alternatively, she requests a constitutionally adequate bond or custody hearing within forty-eight hours after this habeas petition is filed. Expedited review is warranted because her four dependent minor United States citizen children rely on her as their sole caregiver.

7. Petitioner raises five claims concerning procedural due process, warrantless arrest authority, unreasonable seizure, ongoing custody, and independently reviewable agency action. Her stable residence, federal-government-issued employment authorization valid through June 2030, steady employment, primary custody and financial support of four United States citizen children ages four, nine, nine, and twelve, and urgent caregiving responsibilities warrant expedited consideration.

## JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2241 and Article I, Section 9, clause 2 of the United States Constitution. Petitioner alleges custody in violation of the Constitution and federal law within the meaning of 28 U.S.C. § 2241(c)(3). Her detention challenge is independent of the merits of removal proceedings. See *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

9. Relief is available under 28 U.S.C. §§ 2241–2243 and, where applicable, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651. These latter statutes do not independently confer subject-matter jurisdiction. Petitioner invokes 5 U.S.C. § 702 to the extent its waiver of sovereign immunity applies to her claims for nonmonetary relief.

## VENUE

10. Venue is proper in the Central District of California because Petitioner and her immediate physical custodian are located at the Adelanto ICE Processing Center within this District. See 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–500 (1973).

11. To the extent applicable to the accompanying non-habeas claims against federal officers, venue is also proper under 28 U.S.C. § 1391(e) because Petitioner's ongoing custody and the challenged acts or omissions concerning that custody occur in this District.

## EXHAUSTION

12. Section 2241 contains no statutory exhaustion requirement. Exhaustion in an immigration-detention habeas case is prudential, and a court may excuse it when administrative remedies are inadequate, their pursuit would be futile, or requiring exhaustion would cause irreparable injury. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

13. Petitioner contends that administrative custody review would not adequately remedy the injuries alleged in Counts One and Two. A later custody hearing cannot retroactively supply any constitutionally required pre-deprivation process or itself adjudicate her habeas challenge to the

completed arrest under 8 U.S.C. § 1357(a)(2). Although an Immigration Judge may have authority to grant bond under an applicable detention provision, that authority does not necessarily resolve the distinct statutory and constitutional arrest claims.

14. **Each day ENAS J AL ZUBI remains confined prolongs her loss of liberty and separates four minor United States citizen children from their sole caregiver.** Petitioner argues that requiring administrative exhaustion would cause irreparable injury and, to the extent agency review cannot adequately remedy the violations alleged, would be inadequate or futile. She therefore requests prompt habeas review and waiver of prudential exhaustion under the circumstances of her case.

## PARTIES

15. Petitioner ENAS J AL ZUBI, A# 208735706, entered the United States on a B-1/B-2 visa on February 21, 2014, later changed to F-1 student status, and has lived at the same address for at least eight years. ICE detained her at around 11:00 p.m. on October 21, 2026, while she was attempting domestic air travel to Washington, D.C., to renew her passport at the Jordanian Embassy. She is currently held at the Adelanto ICE Processing Center.

16. Respondent Todd Blanche is named in his official capacity as U.S. Attorney General, the senior official of the Department of Justice responsible for oversight of the Executive Office for Immigration Review and the administration of immigration adjudications within that Department.

17. Respondent Markwayne Mullin is named in his official capacity as Secretary of the U.S. Department of Homeland Security. DHS oversees ICE and the implementation and enforcement of immigration laws applicable to Petitioner's custody.

18. Respondent Fereti Semaia is named in his official capacity as Facility Administrator of the Adelanto ICE Processing Center. As the official in charge of Petitioner's place of confinement, he is alleged to be her immediate physical custodian.

19. Respondent Andre Quinones is named in his official capacity as ICE Field Office Director of the Los Angeles Field Office, which oversees immigration custody operations concerning Petitioner at Adelanto.

/ / /

/ / /

/ / /

## STATEMENT OF FACTS

20. Petitioner entered the United States on a B-1/B-2 visa on February 21, 2014. She subsequently changed her status to F-1 student status and has remained at the same residential address for at least eight years.

21. While Petitioner was in F-1 status, her husband filed an asylum application in January 2016 and listed her as a derivative beneficiary. To the best of Petitioner's knowledge, the application remains pending with USCIS.

22. The federal government possesses Petitioner's identifying and immigration information and issued her an employment authorization document in June 2025 that remains valid until June 2030. Petitioner has worked steadily at the same job since September 2024 as an instructional assistant for children with special needs. The government's issuance of a multi-year employment authorization document demonstrates that Petitioner has been documented in federal immigration systems and has maintained an ongoing, authorized relationship with the government.

23. Petitioner is separated from her husband since 2025 and has primary custody of their four United States citizen children: one four-year-old girl, twin nine-year-old girls, and one twelve-year-old girl. Since the separation in 2025, the husband has seen the children only once and pays approximately $197 per month for all four children. Petitioner supplies the remainder of their financial support, making continued employment essential to their welfare.

24. **Upon information and belief, Petitioner has no prior criminal record**.

25. At around 11:00 p.m. on October 21, 2026, ICE detained Petitioner while she was attempting to travel domestically to Washington, D.C., to renew her passport at the Jordanian Embassy. Petitioner reports that the arrest occurred without a warrant.

26. Petitioner is currently detained at the Adelanto ICE Processing Center. Her four children are temporarily in the care of her elderly uncle. The children need their mother's daily care, and the arrangement is not an adequate long-term substitute for Petitioner's custody and support.

27. One of Petitioner's nine-year-old twins is undergoing evaluation for ADHD and may miss an appointment connected with that evaluation. The four-year-old girl, the twin nine-year-old girls, and the twelve-year-old girl are all United States citizens and depend on Petitioner for daily care and financial support. Petitioner's continued detention places her steady employment at risk and threatens her ability to provide for all four children.

28. As of October 23, 2026, Petitioner had not been served with a Notice to Appear. A search of EOIR's case-status system using Petitioner's information returned "no case found." These allegations are based on the information presently available and remain subject to confirmation from official immigration records. . See Exhibit B

29. Petitioner challenges the lawful basis for her October 21, 2026 arrest and continued detention. The government's asserted detention statute, any charge in a Notice to Appear, the existence of a final removal order, and the occurrence or outcome of a custody hearing remain subject to confirmation from her immigration and custody records.

## LEGAL BACKGROUND

30. The Constitution and 28 U.S.C. § 2241 protect access to habeas review of unlawful executive confinement. Federal courts may review statutory and constitutional challenges to immigration custody independent of the merits of removal. See *Zadvydas*, 533 U.S. at 688; *Lopez-Marroquin*, 955 F.3d at 759.

31. Section 1226(a) authorizes arrest on an administrative warrant and permits discretionary release pending a decision on removal, subject to other applicable detention provisions. Section 1357(a)(2) supplies limited warrantless arrest authority only where the officer has reason to believe the person is in the United States in violation of law and is likely to escape before a warrant can be obtained. See also 8 C.F.R. § 287.8(c)(2).

32. The applicable custody statute depends on the actual immigration record. Section 1225 concerns applicants seeking admission; § 1226 addresses detention pending a removal decision; and § 1231 addresses post-final-order detention. Petitioner's prior inspection and admission and domestic travel distinguish her circumstances from an individual presently seeking entry at the border.

33. The Fifth Amendment protects all persons within the United States from deprivation of liberty without due process, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 690, 693 (2001); *United States v. Salerno*, 481 U.S. 739, 755 (1987).

34. Procedural adequacy is evaluated under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), considering the private interest, risk of error and value of safeguards, and governmental interests. See *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). A pre-arrest hearing is not categorically required in every immigration case.

35. *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024), permits review of the application of the dangerousness standard to established facts. It does not establish a universal governmental clear-and-convincing-evidence burden at ordinary § 1226(a) bond hearings.

36. Habeas relief is equitable and may include release from unlawful custody or an appropriate hearing. See 28 U.S.C. § 2243; *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). **Petitioner requests immediate release** or, alternatively, a prompt hearing with safeguards tailored to any constitutional violation established in this case.

## CLAIMS FOR RELIEF

## COUNT ONE

### Procedural Due Process Under the Fifth Amendment: Arrest Without Adequate Process

37. Petitioner incorporates the preceding allegations.

38. Petitioner asserts that the circumstances of her arrest required greater procedural protection under Mathews. Her private interest includes freedom from confinement, preservation of her steady employment, and continued care and financial support of four dependent citizen children for whom she has primary custody.

39. An individualized assessment would permit consideration of her B-1/B-2 entry on February 21, 2014, later F-1 status, at least eight years at the same address, employment authorization issued by the federal government in June 2025 and valid until June 2030, steady employment since September 2024, primary custody and financial responsibility for four United States citizen children ages four, nine, nine, and twelve, and reported derivative asylum history. The government's possession of her information and issuance of continuing work authorization, together with these strong community and family ties, weigh against treating domestic travel to renew a passport as evidence that she would evade immigration proceedings.

40. Petitioner requests examination of the process actually afforded and the government's justification for any failure to provide notice and an opportunity to contest custody. She argues that a pre-detention hearing was warranted in her circumstances or, at minimum, that prompt and meaningful post-arrest review is required.

41. If the Court finds the procedures constitutionally inadequate, Petitioner seeks immediate release or an expedited individualized hearing sufficient to remedy the violation.

## COUNT TWO

### Warrantless Arrest in Violation of 8 U.S.C. §§ 1226(a), 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)

42. Petitioner incorporates the preceding allegations.

43. Section 1226(a) contemplates arrest on an administrative warrant. Under § 1357(a)(2), a warrantless civil immigration arrest requires reason to believe both that the person is in the United States in violation of law and that she is likely to escape before a warrant can be obtained. See *Arizona v. United States*, 567 U.S. 387, 408 (2012); 8 C.F.R. § 287.8(c)(2).

44. The statutory "reason to believe" standard is equated with probable cause. *Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980). The government must assess the specific risk of escape before obtaining a warrant, not merely invoke a generalized risk of future nonappearance.

45. Petitioner's long residence, at least eight years at the same address, prior B-1/B-2 entry and later F-1 status, federal employment authorization issued in June 2025 and valid until June 2030, four dependent United States citizen children ages four, nine, nine, and twelve, steady employment, and reported derivative asylum history support her contention that there was no individualized basis to believe she would escape before a warrant could be obtained. The government already possessed her identifying and immigration information, and her domestic trip to renew a passport at the Jordanian Embassy does not, standing alone, establish the statutory escape-risk requirement. See Escobar Molina v. U.S. Department of Homeland Security, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025) (persuasive authority).

46. If no valid warrant existed before the arrest and the statutory prerequisites for warrantless arrest were absent, Petitioner alleges an unlawful arrest. She seeks release as appropriate habeas relief

**COUNT THREE**

**VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**(UNLAWFUL ARREST AND SEIZURE)**

47. Petitioner incorporates the preceding allegations.

48. The Fourth Amendment protects against unreasonable seizures. An immigration arrest must satisfy applicable constitutional requirements as well as statutory arrest limitations. See *Tejeda-Mata*, 626 F.2d at 725.

49. Petitioner alleges that Respondents seized her during attempted domestic air travel without a warrant. She contests whether the arresting officers had probable cause and a lawful basis for acting without a warrant.

50. Her prior admission, lengthy residence, employment authorization, family responsibilities, and, upon information and belief, absence of any prior criminal record are relevant to the individualized inquiry. They do not, standing alone, foreclose a lawful immigration arrest, but

neither does attempted domestic travel alone establish probable cause or the statutory escape-risk requirement.

51. Petitioner requests adjudication of the arrest's reasonableness on the actual record and appropriate habeas relief if the seizure and resulting present custody are unlawful.

**COUNT FOUR**

**Ongoing Detention in Violation of the Fifth Amendment**

52. Petitioner incorporates the preceding allegations.

53. Continued civil confinement must rest on applicable statutory authority and constitutionally adequate procedures. See *Zadvydas*, 533 U.S. at 690–93; *Demore v. Kim*, 538 U.S. 510, 528 (2003). Petitioner challenges custody without a lawful individualized justification and requests prompt review.

54. For a warrantless arrest, 8 C.F.R. § 287.3(d) generally requires a determination within forty-eight hours concerning continued custody or release and issuance of an NTA and arrest warrant, subject to an emergency or other extraordinary circumstance permitting an additional reasonable period. Petitioner was detained at around 11:00 p.m. on October 21, 2026. As of October 23, 2026, she had not been served with an NTA, and an EOIR case-status search returned "no case found." Petitioner requests prompt disclosure of the government's custody determination, any charging document, and any arrest warrant.

55. Petitioner contends that her prior admission and interior arrest favor application of § 1226(a),. As of October 23, 2026, she had not been served with a Notice to Appear, and an EOIR case-status search returned "no case found." The government should promptly identify the statutory basis for custody, produce any Notice to Appear or charging document, and identify any applicable mandatory-detention provision.

56. **Petitioner's primary custody of four dependent United States citizen children—a four-year-old girl, nine-year-old twin girls, and a twelve-year-old girl—her responsibility for nearly all of their financial support,** at least eight years at the same address, and steady employment since September 2024 and, upon information and belief, absence of any prior

criminal record warrant individualized consideration of flight risk, danger, and alternatives to detention. The federal government issued her employment authorization in June 2025, valid until June 2030, confirming that it possesses her information and has documented her in its immigration systems. Her elderly uncle is only a temporary caregiver, and one of the nine-year-old twin girls undergoing evaluation for ADHD may miss an appointment.

57. Petitioner primarily seeks immediate release. If immediate release is not granted, she requests a constitutionally adequate bond or custody hearing within forty-eight hours after this habeas petition is filed because continued detention separates her four dependent minor United States citizen children from their sole caregiver. For any constitutionally ordered hearing, she requests that Respondents bear the burden by clear and convincing evidence and that the adjudicator consider less restrictive alternatives and ability to pay. These are requested safeguards subject to the Court's case-specific determination, not asserted universal requirements of every ordinary bond proceeding. The requested forty-eight-hour deadline runs from filing and is distinct from the arrest-related determination addressed in 8 C.F.R. § 287.3(d).

## COUNT FIVE

### Administrative Procedure Act, 5 U.S.C. § 706(2), to the Extent Reviewable

58. Petitioner incorporates the preceding allegations.

59. Under 5 U.S.C. § 706(2)(A)–(C), a reviewing court may set aside agency action that is arbitrary, capricious, contrary to law or constitutional rights, or beyond statutory authority, subject to the APA's reviewability requirements.

60. To the extent Respondents have taken final, independently reviewable agency action authorizing custody contrary to governing arrest or detention law, Petitioner challenges that action. Her challenge concerns her October 21, 2026 arrest during domestic travel to renew her passport at the Jordanian Embassy and her continued detention, in light of her B-1/B-2 entry on February 21, 2014, later F-1 status, at least eight years at the same address, unexpired employment authorization, steady employment since September 2024, primary

custody and financial support of four United States citizen children, and reported derivative inclusion in her husband's asylum application filed in January 2016.

61. APA review requires final agency action and satisfaction of 5 U.S.C. § 704, including the absence of another adequate remedy in court. This alternative claim is subject to those requirements and applicable immigration judicial-review limitations. Petitioner's habeas claims remain independent of whether APA review is available.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court grant the following relief:

a. Assume jurisdiction under 28 U.S.C. § 2241 and expedite consideration of this petition;

b. Enjoin transfer of Petitioner outside this Court's jurisdiction during this action, to the extent necessary and authorized to preserve effective relief;

c. Declare Petitioner's arrest and continued detention unlawful to the extent established under the INA, governing regulations, or the Fourth and Fifth Amendments;

d. **Order Petitioner's immediate release** from ICE custody;

e. Alternatively, if immediate release is not granted, order a constitutionally adequate individualized bond or custody hearing before a neutral adjudicator within forty-eight hours after this habeas petition is filed, or conduct an appropriate hearing in this Court within that period, in view of Petitioner's primary custody and financial support of four dependent United States citizen children—a four-year-old girl, nine-year-old twin girls—one of whom is undergoing evaluation for ADHD—and a twelve-year-old girl—the inadequacy of their temporary care by an elderly uncle, and the risk that Petitioner will lose the employment on which the children depend. The Court should also consider that the federal government possesses Petitioner's information and issued her employment authorization in June 2025 that remains valid until June 2030, with safeguards the Court finds necessary, including consideration of alternatives to detention and ability to pay and the requested governmental clear-and-convincing-evidence burden;

f. To the extent justified by an established constitutional violation, restrain re-detention absent lawful grounds and constitutionally adequate notice and hearing procedures, subject to lawful emergency exceptions;

g. Award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, to the extent legally available; and

h. Grant such other relief as the Court deems just and proper.

DATED: October 23, 2026

LAW OFFICE OF AHMED E. EL SAYED

S// Ahmed Elsayed //

By: Ahmed E. El Sayed, Esq.
Attorney for ENAS J AL ZUBI

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

As counsel for Petitioner ENAS J AL ZUBI, I submit this verification on her behalf under 28 U.S.C. § 2242. Petitioner is detained at the Adelanto ICE Processing Center and seeks immediate relief. Based on information she provided and records available to counsel, I verify that the petition's factual allegations are true and correct to the best of my knowledge, information, and belief. Allegations based on Petitioner's best knowledge or records not yet obtained remain subject to those qualifications.

Executed this October 23, 2026.

S// Ahmed Elsayed //

Ahmed El Sayed, Esq.

A

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES

## REGISTRAR–RECORDER/COUNTY CLERK

1052022162424 1202219036270

## CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER | LOCAL REGISTRATION NUMBER

**THIS CHILD**

| | | |
|---|---|---|
| 1A. NAME OF CHILD – FIRST: JALILA | 1B. MIDDLE: AHMAD | 1C. LAST: KDAISAT |
| 2. SEX: FEMALE | 3A. THIS BIRTH – SINGLE, TWIN, ETC: SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC: - |
| 4A. DATE OF BIRTH – MM/DD/CCYY: 06/03/2022 | 4B. HOUR: 0934 | |

**PLACE OF BIRTH**

| | |
|---|---|
| 5A. PLACE OF BIRTH – NAME OF HOSPITAL OR FACILITY: TORRANCE MEMORIAL MED CENTER | 5B. STREET ADDRESS – STREET AND NUMBER OR LOCATION: 3330 LOMITA BLVD |
| 5C. CITY: TORRANCE | 5D. COUNTY: LOS ANGELES |

**NAME OF PARENT / NAME OF PARENT**

| FIRST | MIDDLE | LAST – BIRTH NAME | | BIRTHPLACE – STATE/COUNTRY | DATE OF BIRTH |
|---|---|---|---|---|---|
| AHMAD | AYED MOHAMMAD | KDAISAT | ☐ MOTHER ☒ FATHER ☐ PARENT | UN ARB EM | 07/22/1986 |
| ENA[illegible] | JIHAD | AL ZUBI | ☒ MOTHER ☐ FATHER ☐ PARENT | JORDAN | 08/12/1985 |

**INFORMANT / BIRTH CERTIFICATION**

| | | | |
|---|---|---|---|
| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A. PARENT OR OTHER INFORMANT – SIGNATURE: ENAS AL ZUBI | 12B. RELATIONSHIP TO CHILD: MOTHER | 12C. DATE SIGNED: 06/05/2022 |
| I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | 13A. ATTENDANT/CERTIFIER – SIGNATURE AND DEGREE OR TITLE: SANDRA RAMIREZ, BIRTH CLERK | 13B. LICENSE NUMBER: G82060 | 13C. DATE SIGNED: 06/06/2022 |
| 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT: DINA TAWFIK RAGAB, MD, 3400 LOMITA BLVD STE 101, TORRANCE, CA 90505 | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT: SANDRA RAMIREZ, BIRTH CLERK | |
| 15. | STATE FILE NO. – STATE USE ONLY | 16. LOCAL REGISTRAR – SIGNATURE: MUNTU DAVIS MD | 17. DATE ACCEPTED FOR REGISTRATION: 06/06/2022 |

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

Dean C. Logan
Registrar-Recorder/County Clerk

APR 30 2024

*2000000815537*

This copy not valid unless prepared on engraved border displaying seal and signature of the Registrar-Recorder/County Clerk.

REGISTRAR-RECORDER/COUNTY CLERK

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

STATE OF CALIFORNIA

CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

RIVERSIDE, CALIFORNIA

## CERTIFICATE OF LIVE BIRTH

STATE OF CALIFORNIA

USE BLACK INK ONLY

STATE FILE NUMBER

LOCAL REGISTRATION NUMBER 1201233015150

| | | | | | |
|---|---|---|---|---|---|
| THIS CHILD | 1A. NAME OF CHILD - FIRST: JUDY | 1B. MIDDLE: AHMAD | 1C. LAST: KDAISAT | | |
| | 2. SEX: FEMALE | 3A. THIS BIRTH SINGLE, TWIN, ETC.: SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC.: - | 4A. DATE OF BIRTH - MM/DD/CCYY: 08/14/2012 | 4B. HOUR (24 HOUR CLOCK TIME): 0543 |
| PLACE OF BIRTH | 5A. PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY: RIVERSIDE CO. REGIONAL MED. CTR. | | 5B. STREET ADDRESS - STREET AND NUMBER, OR LOCATION: 26520 CACTUS AVE | | |
| | 5C. CITY: MORENO VALLEY | | 5D. COUNTY: RIVERSIDE | | |
| FATHER/PARENT | 6A. NAME OF FATHER/PARENT - FIRST: AHMAD | 6B. MIDDLE: AYED | 6C. LAST: KDAISAT | 7. BIRTHPLACE (STATE/COUNTRY): UN ARAB EM | 8. DATE OF BIRTH - MM/DD/CCYY: 07/22/1986 |
| MOTHER/PARENT | 9A. NAME OF MOTHER/PARENT - FIRST: ENAS | 9B. MIDDLE: JIHAD | 9C. LAST - BIRTH NAME: ALZUBI | 10. BIRTHPLACE - STATE/COUNTRY: JORDAN | 11. DATE OF BIRTH - MM/DD/CCYY: 06/12/1985 |
| INFORMANT AND BIRTH CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A. PARENT OR OTHER INFORMANT - SIGNATURE: [signature] | | 12B. RELATIONSHIP TO CHILD: MOTHER | 12C. DATE SIGNED - MM/DD/CCYY: 08/16/2012 |
| | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED | 13A. ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE: Camella Jemison ANM | | 13B. LICENSE NUMBER: G60755 | 13C. DATE SIGNED - MM/DD/CCYY: 08/16/2012 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT: CAROL PETERS, MD, 26520 CACTUS AVENUE, MORENO VALLEY | | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT: CAMELLA JEMISON, ANM | |
| LOCAL REGISTRAR | 15A. DATE OF DEATH - MM/DD/CCYY | 15B. STATE FILE NO. - STATE USE ONLY | 16. LOCAL REGISTRAR - SIGNATURE: CAMERON KAISER, MD | | 17. DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY: 08/20/2012 |

034239846*

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Assessor-County Clerk-Recorder.

DATE ISSUED SEP 1 1 2012

LARRY W. WARD

ASSESSOR-COUNTY CLERK-RECORDER

RIVERSIDE COUNTY

This copy is not valid unless prepared on engraved border displaying date, seal and signature of the Assessor-County Clerk-Recorder.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES

REGISTRAR-RECORDER/COUNTY CLERK

## CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER

1201719017793
LOCAL REGISTRATION NUMBER

| | | | | | |
|---|---|---|---|---|---|
| THIS CHILD | 1A NAME OF CHILD - FIRST: JOANNA | 1B MIDDLE: AHMAD | 1C LAST: KDAISAT | | |
| | 2 SEX: FEMALE | 3A THIS BIRTH SINGLE, TWIN, ETC: TWIN | 3B IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC: 1ST | 4A DATE OF BIRTH - MM/DD/CCYY: 02/21/2017 | 4B HOUR - 24 HOUR CLOCK TIME: 1303 |
| PLACE OF BIRTH | 5A PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY: PROVIDENCE LCM-TORRANCE | | 5B STREET ADDRESS - STREET AND NUMBER, OR LOCATION: 4101 TORRANCE BLVD | | |
| | 5C CITY: TORRANCE | | 5D COUNTY: LOS ANGELES | | |
| NAME OF PARENT | 6A NAME OF PARENT - FIRST: AHMAD | 6B MIDDLE: AYEDMOHAMMAD | 6C LAST - BIRTH NAME: KDAISAT | 6D ☐ MOTHER ☒ FATHER ☐ PARENT; 7 BIRTHPLACE - STATE/COUNTRY: UN ARAB EM | 8 DATE OF BIRTH: 07/22/1986 |
| NAME OF PARENT | 9A NAME OF PARENT - FIRST: ENAS | 9B MIDDLE: JIHAD | 9C LAST - BIRTH NAME: ALZUBI | 9D ☒ MOTHER ☐ FATHER ☐ PARENT; 10 BIRTHPLACE - STATE/COUNTRY: JORDAN | 11 DATE OF BIRTH: 06/12/1985 |
| INFORMANT AND BIRTH CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A PARENT OR OTHER INFORMANT - SIGNATURE: [signature] | | 12B RELATIONSHIP TO CHILD: MOTHER | 12C DATE SIGNED: 02/28/2017 |
| | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED | 13A ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE: Shirley Erwin B.C. | | 13B LICENSE NUMBER: G082060 | 13C DATE SIGNED: 02/28/2017 |
| | 13D TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT: DINA RAGAB, MD, 3400 LOMITA BLVD., TORRANCE | | | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT: SHIRLEY ERWIN, BIRTH CLERK | |
| LOCAL REGISTRAR | 15A DATE OF DEATH - MM/DD/CCYY | 15B STATE FILE NO. - STATE USE ONLY | 16 LOCAL REGISTRAR - SIGNATURE: JEFFREY D GUNZENHAUSER, MD SS | | 17 DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY: 03/07/2017 |

CALOSANG02

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

Dean C. Logan
DEAN C. LOGAN
Registrar-Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying the seal and signature of the Registrar-Recorder/County Clerk.

JUN 18 2019

1000003003998

THE GREAT SEAL OF THE STATE OF CALIFORNIA

REGISTRAR-RECORDER/COUNTY CLERK · COUNTY OF LOS ANGELES · CALIFORNIA

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES

REGISTRAR-RECORDER/COUNTY CLERK

## CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER: 

LOCAL REGISTRATION NUMBER: 1201719017794

| | | | | | |
|---|---|---|---|---|---|
| THIS CHILD | 1A NAME OF CHILD - FIRST: LUJAIN | 1B MIDDLE: AHMAD | 1C LAST: KDAISAT | | |
| | 2 SEX: FEMALE | 3A THIS BIRTH SINGLE, TWIN, ETC: TWIN | 3B IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC: 2ND | 4A DATE OF BIRTH - MM/DD/CCYY: 02/21/2017 | 4B HOUR - 24 HOUR CLOCK TIME: 1304 |
| PLACE OF BIRTH | 5A PLACE OF BIRTH NAME OF HOSPITAL OR FACILITY: PROVIDENCE LCM-TORRANCE | | 5B STREET ADDRESS - STREET AND NUMBER, OR LOCATION: 4101 TORRANCE BLVD | | |
| | 5C CITY: TORRANCE | | 5D COUNTY: LOS ANGELES | | |
| NAME OF PARENT | 6A NAME OF PARENT - FIRST: AHMAD | 6B MIDDLE: AYEDMOHAMMAD | 6C LAST - BIRTH NAME: KDAISAT | 6D ☐ MOTHER ☒ FATHER ☐ PARENT; 7 BIRTHPLACE - STATE/COUNTRY: UN ARAB EM | 8 DATE OF BIRTH: 07/22/1986 |
| NAME OF PARENT | 9A NAME OF PARENT - FIRST: ENAS | 9B MIDDLE: JIHAD | 9C LAST - BIRTH NAME: ALZUBI | 9D ☒ MOTHER ☐ FATHER ☐ PARENT; 10 BIRTHPLACE - STATE/COUNTRY: JORDAN | 11 DATE OF BIRTH: 06/12/1985 |
| INFORMANT AND BIRTH CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A PARENT OR OTHER INFORMANT - SIGNATURE: [signature] | | 12B RELATIONSHIP TO CHILD: MOTHER | 12C DATE SIGNED: 02/28/2017 |
| | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED | 13A ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE: Shirley Erwin B.C. | | 13B LICENSE NUMBER: G082060 | 13C DATE SIGNED: 02/28/2017 |
| | 13D TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT: DINA RAGAB, MD, 3400 LOMITA BLVD., TORRANCE | | | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT: SHIRLEY ERWIN, BIRTH CLERK | |
| LOCAL REGISTRAR | 15A DATE OF DEATH - MM/DD/CCYY: | 15B STATE FILE NO. - STATE USE ONLY: | 16 LOCAL REGISTRAR - SIGNATURE: JEFFREY D GUNZENHAUSER, MD SS | | 17 DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY: 03/07/2017 |

CALOSANG02

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

Dean C. Logan

DEAN C. LOGAN
Registrar-Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying the seal and signature of the Registrar-Recorder/County Clerk.

JUN 18 2019

1000003003999

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

B

THE UNITED STATES OF AMERICA

# I-797 | NOTICE OF ACTION

DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| | | |
|---|---|---|
| **Receipt Number**<br>IOE0932115225 | **USCIS Account Number**<br>027395306265 | **Case Type**<br>I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| **Received Date**<br>05/27/2025 | **Priority Date**<br>05/27/2025 | **Applicant** A208 735 706<br>AL ZUBI, ENAS JIHAD |
| **Notice Date**<br>06/10/2025 | **Page**<br>1 of 1 | |

AL ZUBI, ENAS JIHAD
16801 CRENSHAW BLVD APT 7
TORRANCE CA 90504

**Notice Type:** Approval Notice
Class: C08
Valid from 06/09/2025 to 06/08/2030

**We have approved your application for employment authorization.** We will send your Employment Authorization Document (EAD) (also known as an EAD card or Form I-766) to you separately. Your EAD card should be produced within one to two weeks. Your EAD card will be mailed via U.S. Postal Service (USPS) Priority Mail with Delivery Confirmation to the address you designated. The time frame in which you will receive your EAD card may vary, depending on USPS delivery times. Please allow a total of 30 days from approval before inquiring with USCIS. We encourage you to use Case Status Online https://egov.uscis.gov/ to find your USPS tracking number for EAD card delivery. If you have not received your EAD card within this time frame, please visit https://egov.uscis.gov/e-request/Intro.do for instructions on how to submit an inquiry.

Your EAD card is proof that you are allowed to work in the United States. Show the card to your employer to verify your authorization to work during the dates on the card. You cannot use this approval notice as proof of your employment authorization.

When you receive your EAD card, please check that all the information on the card is correct. If you need to change any information on the card, please mail all of the following to the office listed below:

- A letter explaining what information needs to be corrected,
- Your EAD card,
- A photocopy of this notice, and
- Evidence to show what the correct information should be. For example, if you need to correct your name, submit a copy of your birth certificate or official name change.

<u>If You Have a Pending Form I-485</u>

If you have a pending or approved Form I-140 and a pending Form I-485, you may request to change employers if your Form I-485 has been pending for at least 180 days. In order to do so, you need to submit documentation about your new job offer. For more information on how to request a change of employers and what information you must submit, please visit the USCIS website at www.uscis.gov.

If your EAD card expires before we make a final decision on your Form I-485, you may apply for a new EAD card.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION.**

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

USCIS TSC
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd. STE 114
Irving TX 75038-0015

**USCIS Contact Center: www.uscis.gov/contactcenter**

FORM I-797 [REV. 08/01/16]

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

THE UNITED STATES OF AMERICA

| | | |
|---|---|---|
| RECEIPT NUMBER<br>SRC-16-902-90033 | | CASE TYPE I765 APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| RECEIPT DATE<br>June 14, 2016 | PRIORITY DATE | APPLICANT A208 735 706<br>AL ZUBI, ENAS J. |
| NOTICE DATE<br>July 6, 2016 | PAGE<br>1 of 1 | |

ENAS JIHAD MOHAMMAD AL ZUBI
1811 WEST KATELLA AVE APT 211
ANAHEIM CA 92804

Notice Type: Approval Notice
Class: C08
Valid from 07/06/2016 to 07/05/2017

Your application for employment authorization has been approved. The Form I-766, Employment Authorization Document, was sent under separate cover to the applicant.

This card authorizes your employment in the United States. Show this card to your employer to verify authorization to work during the dates on the card.

If any information on the card is incorrect, please write the office listed below. Include your Employment Authorization Document, I-766, a photocopy of this notice, and evidence to support the necessary corrections.

THIS APPROVAL NOTICE IS NOT A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION, NOR MAY IT BE USED IN PLACE OF A VISA OR FORM I-766.

As a reminder, you may request to change employers under INA 204(j) if your Form I-485 Adjustment application has been pending for at least 180 days and your underlying Form I-140 is approved or is still pending. In order to do so, you should supplement the Form I-485 record of proceeding with documentation relating to the new job offer that forms the basis of the INA 204(j) portability request. For more information on how to request to change employers and what information is required to supplement the Form I-485, please visit www.uscis.gov.

## IMPORTANT INFORMATION – SAVE THIS NOTICE

Use this tear-off portion to speed your application for an extension or replacement card.

A# 208-735-706

AL ZUBI ENAS JIHAD MOHAMMAD
1811 WEST KATELLA AVE APT 211
ANAHEIM, CA 92804-0000

UNITED STATES OF AMERICA — EMPLOYMENT AUTHORIZATION CARD



Surname
AL ZUBI
Given Name
ENAS J
USCIS# 208-735-706 Category C08 Card# SRC1690290033
Country of Birth
Jordan
Terms and Conditions
None
Date of Birth 12 JUN 1985 Sex F
fingerprint not available
Valid From: 07/06/16
Card Expires: 07/05/17
NOT VALID FOR REENTRY TO U.S.

RECEIPT # SRC1690290033
*SRC1690290033*

CARD # 1A011628242887
*1A011628242887*

**Help USCIS Serve You Better**

We recommend that you keep this notice for your records. It has important information.

The tear-off portion of this notice can help speed your application for an extension or replacement card. When you file for another card, we recommend you attach the tear-off portion to your completed application.

An official website of the United States government
Here's how you know

EOIR Automated Case Information

**Court Closures Today** October 23, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

# Automated Case Information

Welcome to the Automated Case Information System (ACIS). ACIS provides basic information about the status of certain cases before an immigration court or the Board of Immigration Appeals. Not all cases, or all information about a case is displayed. ACIS includes details regarding the primary case only. If there has been more than one case for the A-Number, ACIS displays the most recent case. Please contact your local court if you need bond hearing information.

English

## Enter your A-Number

**A-Number** **Required* *What's an A-Number?*

2 0 8 7 3 5 7 0 6

**Nationality** **Required* *What is Nationality?*

JORDAN (JO)

*No case found for this A-Number.*

**SUBMIT**

*Case information from this automated resource is provided for convenience only. Documents the immigration court or Board of Immigration Appeals issue to you or your representative are the only official determinations related to your case.*

Archive

Accessibility

Information Quality

Privacy Policy

Legal Policies & Disclaimers
Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees
EOIR Freedom of Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov
Immigration Court Online Resource

Contact Technical Support

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

---

Department of Justice | Executive Office for Immigration Review

*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*

**EOIR** Automated Case Information