UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENAS J. AL ZUBI,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. ED CV 26-6292 FMO (JDE)

**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**

On October 23, 2026, Enas J Al Zubi ("petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); Andre Quinones, Director of the Los Angeles Immigration and Customs Enforcement ("ICE") Field Office; and Fereti Samaia, Facility Administrator of the Adelanto ICE Processing Center (collectively, "respondents"). (See Dkt. 1, Petition at ¶¶ 16-19). Petitioner also filed an Ex Parte Application for Temporary Restraining Order ("TRO"), seeking her immediate release. (See Dkt. 7, TRO at ECF 11-12). Because the standards for granting a TRO and a preliminary injunction are the same, see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court converted petitioner's TRO to an application for a preliminary injunction ("PI Application"). (See Dkt. 8, Court's Order of October 27, 2026, at 1).

Having reviewed and considered all the briefing filed with respect to petitioner's Petition and the PI Application, the court finds that oral argument is not necessary to resolve the Petition and the PI Application, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Petitioner entered the United States on a B-1/B-2 visa on February 21, 2014. (See Dkt. 1, Petition at ¶ 20). She subsequently changed her visa to F-1 student status. (See id.). While petitioner was in F-1 status, her husband filed an asylum application in January 2016, and listed her as a derivative beneficiary. (See id. at ¶ 21). To the best of petitioner's knowledge, that application remains pending with the U.S. Citizenship and Immigration Services ("USCIS"). (See id.). Petitioner, who is now separated from her husband, is the primary caretaker and provider for her four United States citizen children. (See id. at ¶ 23). Petitioner holds a government-issued employment authorization document that is valid through 2030. (See id. at ¶ 22). Since September 2024, petitioner has worked as an instructional assistant serving children with special needs. (See id.). Petitioner has no prior criminal history. (See id. at ¶ 24).

On October 21, 2026, ICE detained petitioner while she was attempting to travel to Washington, D.C., to renew her passport at the Jordanian Embassy. (See Dkt. 1, Petition at ¶ 25). Petitioner alleges that her arrest occurred without a warrant. (See id.). She is currently detained at the Adelanto ICE Processing Center. (See id. at ¶ 26).

Petitioner asserts that her arrest and detention violate: (1) the Due Process Clause of the Fifth Amendment; (2) the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1226(a)[1] and 1357(a)(2); (3) the Fourth Amendment's prohibition against unreasonable seizure; and (4) the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). (See Dkt. 1, Petition at ¶¶ 37-61). Petitioner asserts that release is the appropriate remedy for each of these claims. (See id. at Prayer for Relief).

---

[1] Unless otherwise indicated, all section references are to Title 8 of the United States Code.

## DISCUSSION

As an initial matter, respondents contend that petitioner is detained under § 1226(a), and concede that petitioner is entitled to a bond hearing under Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). (See Dkt. 10, Answer at 3). This is the only claim respondents address in their Answer. (See, generally, id.). In other words, respondents fail to address or provide any response to petitioner's other claims, such as her due process, unreasonable seizure, or APA claims. (See, generally, id.); (see Dkt. 1, Petition at ¶¶ 37-61); (Dkt. 11, Reply at 2). The court admonished respondents that "[f]ailure to address each argument/claim raised in the Petition and/or PI Application may be treated as respondents conceding the merits of petitioner's argument/claim and/or that petitioner is entitled to the relief sought." (Dkt. 8, Court's Order of October 27, 2026, at 1). Accordingly, the court construes respondents' failure to address petitioner's claims as a concession. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); Viviana Yoana Santafe-Moreno, Petitioner, v. Semaia Fereti, et al., Respondents., 2026 WL 3313468, *3 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought.").

Respondents oppose petitioner's request for immediate release, asserting that this is petitioner's "first detention of a visa overstay." (See Dkt. 10, Answer at 3). The Answer notes that petitioner's F-1 status was terminated on September 10, 2015. (See id.). Numerous courts have held that "noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered." Fabian Zavala Ceballos, Petitioner, v. Tonya Andrews, et al., Respondents., 2026 WL 3206081, *1 (E.D. Cal. 2026); see, e.g., Tello Vazquez

v. Mullin, 2026 WL 1911507, *2 (W.D. Wash. 2026) ("The Government could have detained Petitioner at any time after the expiration of his visa in 2021 but did not do so until years later, after Petitioner developed significant ties to the United States. Petitioner's interest in maintaining his liberty is therefore strong, in the absence of evidence that he is a flight risk or a danger to the community."); Heliara Oliveira Tinoco, Petitioner, v. Sergio Albarran, et al., Respondents., 2026 WL 2949219, *5 (E.D. Cal. 2026) ("This court will follow the lead of its sister courts and hold that where, as here, a noncitizen builds a life in the United States after being granted entry pursuant to a visa – such that the government was not only aware of but approved of the noncitizen's initial presence in the country – that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen . . . within a reasonable time following the expiration of their nonimmigrant status.") (emphasis in original). Accordingly, respondents' argument against release is unpersuasive for the reasons explained above.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document Nos. 1 & 2)** is **granted** as set forth in this Order.

2. Petitioner's Ex Parte Application for Temporary Restraining Order **(Document No. 7)** is **denied as moot**.

3. Respondents shall release petitioner Enas J Al Zubi (A# 208-735-706) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release conditions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4. Respondents shall provide petitioner with a copy of this Order at or near the time of release.

5. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

6. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

7. Judgment shall be entered accordingly.

Dated this 6th day of November, 2026.

/s/
Fernando M. Olguin
United States District Judge